**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 31, 2007**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JOSE HERNANDEZ-ROMAN,

  Defendant - Appellant.

No. 06-4148 and 06-4163
(D.C. No. 2:05-CR-910-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

  In these consolidated appeals, Defendant-Appellant Jose Hernandez-Roman

argues that the district court erred in concluding that he was not entitled to a two-

point reduction in his offense level because he was a minor participant in the

crime for which he was convicted. See U.S.S.G. § 3B1.2. We conclude that the

district court's factual findings were not clearly erroneous, and we affirm the

---

  [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

  [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

sentence. We also grant Mr. Hernandez's motion to dismiss appeal No. 06-4163 because we deem the original appeal (No. 06-4148) to be an appeal from the district court's original judgment of June 8, 2006, and its amended judgment of June 22, 2006.

## Background

On November 4, 2005, a police officer in Blanding, Utah, initiated a traffic stop of a 2001 Chevrolet Malibu for an improper lane change. The driver of the Malibu was a minor, and Mr. Hernandez was the passenger. After a brief discussion with both occupants, the officer told them that they were free to leave. Subsequently, the officer asked for and received the driver's consent to search the Malibu. The search revealed that approximately six pounds of methamphetamine and two pounds of cocaine were hidden behind the vehicle's front quarter panels.

The driver and Mr. Hernandez were indicted on December 14, 2005, and charged with one count of possession of 500 grams or more of a mixture containing methamphetamine with intent to distribute (Count I) and one count of possession of 500 grams or more of a mixture containing cocaine with intent to distribute (Count II), both in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The indictment also sought the criminal forfeiture of the property used in the commission of the crime (the Malibu) pursuant to 21 U.S.C. § 853. On March 28, 2006, Mr. Hernandez entered a plea of guilty to Count I. The government moved

to dismiss Count II, and the court granted this motion.

In preparation for sentencing, the Probation Office prepared a Presentence Investigation Report (PSR). The PSR determined that the base offense level for a violation of 21 U.S.C. § 841(a)(1) was 38 but that Mr. Hernandez was entitled to a three-level reduction, pursuant to U.S.S.G. § 3E1.1, because he had accepted responsibility for the crime. With a total offense level of 35 and a criminal history category of I (reflecting zero criminal history points), the guideline range for Mr. Hernandez was 168 to 210 months in prison followed by 60 months of supervised release.

In his objections to the PSR, Mr. Hernandez noted that he qualified for an additional two-level "safety valve" reduction. See U.S.S.G. § 5C1.2. He also asserted that he was entitled to a reduction of two or four levels as either a minor or minimal participant in the offense. See id. § 3B1.2. Mr. Hernandez reasoned that he was only a passenger in the vehicle, and he had been "engaged by [the driver] to travel with [the driver] in the vehicle containing the controlled substances." R. Doc. 42 at 2. The driver made the arrangements to pick up the car, coordinated the travel route, and "communicated via cellular telephone with those organizing the delivery." Id. Mr. Hernandez, on the other hand, "did not participate in those conversations" and he "did not know the travel route and further did not know where, in the vehicle, the controlled substances were located; nor did he know the quantities involved." Id.

After acknowledging that "I'm on the fence on this one," R. Doc. 66 at 5:7-8, the district court decided that Mr. Hernandez did not qualify for a reduction for his role in the offense. The court reasoned that Mr. Hernandez was not a minor participant because:

> This is six pounds of methamphetamine which would have a significant street value and one of the larger quantities that I have seen. . . . I think [the government] is right. I don't think you get that kind of a load without some sort of trust from the people who are involved in that. And I think also the fact that there was a juvenile there, I don't think the juvenile would have been the main player on this. It is hard for me to see how an older person would be taking orders from someone under the age of 18 even though he happened to be driving at the time they were pulled over and going back to Nebraska, the place where the defendant previously resided.

Id. at 9:25-10:11. However, the court determined that Mr. Hernandez was entitled to a two-level safety valve reduction, leaving him with a total offense level of 33 and a guideline range of 135 to 168 months' imprisonment. The court sentenced Mr. Hernandez to 135 months in prison followed by 60 months of supervised release, and it ordered the Malibu forfeited.

## Discussion

In this appeal, we are called upon to review the district court's application of § 3B1.2 of the United States Sentencing Guidelines. Our jurisdiction to review a sentence imposed by the district court arises under 18 U.S.C. § 3742(a), and "[w]e review for clear error the district court's refusal to award a defendant minor

or minimal participant status." United States v. Bowen, 437 F.3d 1009, 1018 (10th Cir. 2006). Section 3B1.2 is intended to provide "a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). The defendant's culpability "involves a determination that is heavily dependent upon the facts of the particular case." Id. § 3B1.2 cmt. n.3(C). Thus, the sentencing court must weigh "the totality of the circumstances, [and] is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." Id.

In his admirably concise argument, Mr. Hernandez asserts that the district court lacked an evidentiary basis for the finding that he was not a minor player in the offense. The only evidence before the court, Mr. Hernandez contends, was his testimony that this was his first time transporting drugs and that the driver had made the arrangements and recruited him for assistance. He argues that the district court clearly erred in disregarding this evidence.

While Mr. Hernandez is correct that his testimony was the only direct evidence of his role, his argument ignores the circumstantial evidence that ultimately provided the foundation for the court's decision. The court first looked to the drug quantity, reasoning that the drugs in the car had such a high street value that it was very unlikely that they would be entrusted to a novice mule. The court then considered the relative ages of Mr. Hernandez and the driver,

disbelieving that the younger driver would be giving orders to the older Mr. Hernandez. Finally, the court noted that Mr. Hernandez had lived in Nebraska and likely still had contacts there, making his story that he did not know where the car was going or who would pick up the drugs not credible.

As the finder of fact, the court was permitted to draw these reasonable inferences from the evidence before it. The court was also free to discredit the testimony given by Mr. Hernandez. As here, when there are two permissible views of the evidence, the trier of fact's adoption of one of those views cannot be clearly erroneous. The court's factual finding that Mr. Hernandez was not a minor participant is supported by the evidence and must be upheld.

In appeal No. 06-4148, the sentence imposed by the district court is AFFIRMED. Mr. Hernandez's motion to dismiss case No. 06-4163 is GRANTED and that appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge